56 F.3d 66
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Major Junior WRIGHT, Defendant-Appellant.
 No. 94-3624.
 United States Court of Appeals, Sixth Circuit.
 May 30, 1995.
 
 Before: KENNEDY and SUHRHEINRICH, Circuit Judges; and CHURCHILL, District Judge.*
 PER CURIAM.
 
 
 1
 This is defendant Major Junior Wright's ("Wright") second appeal of his sentence. Wright was convicted of conspiracy to defraud the Internal Revenue Service ("IRS") by preparing, causing to be prepared and causing to be filed income tax returns claiming fraudulent tax refunds in violation of 18 U.S.C. Sec. 286, and of making false claims against the United States in violation of 18 U.S.C. Sec. 287. For the reasons that follow, we AFFIRM the sentence.
 
 I.
 
 2
 Wright developed a scheme to obtain fraudulent tax refunds from the IRS. He prepared individual income tax returns, either in his name or the name of a recruit, that claimed false disproportionate withholding and a large refund. He attached fraudulent Form W-2 Wage and Tax Statements with the returns and filed them.
 
 
 3
 Wright was tried before a jury on a seven-count indictment for conspiring to defraud the IRS (Count I) and for making false claims against the United States (Counts II-VII). Counts I, VI and VII are post-Guidelines offenses, while the remaining counts are all pre-Guidelines offenses. In connection with the conspiracy, the government alleged Wright prepared, caused to be prepared and caused to be signed and filed returns in the names of Carol Bass, Clara Garrett, James Donaldson, Kevin C. Payne, Tina M. (Keith) Gibson, Tonya M. Wallace and two in his own name. Four of the recruits, Carol Bass, Clara Garrett, Kevin Payne, and Tina (Keith) Gibson testified at trial. The jury returned a verdict of guilty on all counts and Wright was sentenced.
 
 
 4
 In his first appeal, Wright only contested the application of United States Sentencing Guideline ("U.S.S.G.") Sec. 3A1.1. This court held that application of the enhancement was erroneous, vacated the sentence and remanded for resentencing. Following remand, the district court resentenced Wright to a term of forty-one months on each count, to be served concurrently, followed by three years of supervised release. Wright brought the present appeal, raising three issues not presented at his first appeal: whether 1) the enhancement for obstruction of justice was improper; 2) he was improperly denied a reduction for acceptance of responsibility; and 3) he was improperly charged with a four-level increase for having an aggravating role in the offense.[1]
 
 II.
 
 5
 The government initially contends that Wright waived his challenges to the sentencing enhancement for his role in the offense and the denial of a downward adjustment for acceptance of responsibility under the law of the case doctrine. See generally United States v. Moored, 38 F.3d 1419 (6th Cir. 1994). Our decision in Moored holds that a district court is free to address new issues where the scope of remand was not limited and the issue had not been decided on appeal. Moored, 38 F.3d at 1422-23. Although the district court here initially stated that Wright's arguments might be waived, the court nevertheless addressed the merits of Wright's claims. Because the district court's decision to address Wright's arguments at resentencing is not inconsistent with our decision in Moored, we will address his arguments here.
 
 
 6
 We review a district court's application of the Sentencing Guidelines de novo, and its supporting factual findings for clear error. United States v. Muhammad, 948 F.2d 1449, 1455 (6th Cir. 1991), cert. denied, 502 U.S. 1119 (1992).
 
 A.
 
 7
 Section 3C1.1 provides for a two-level enhancement when the defendant attempts to obstruct or impede the administration of justice during the investigation or prosecution of the case.[2] Here the enhancement was based upon charges that Wright intimidated, threatened and attempted to induce several government witnesses, including Yvette Scott and Tina (Keith) Gibson not to testify against him.[3] This determination is a factual finding and thus reviewed for clear error. United States v. Perry, 991 F.2d 304, 311 (6th Cir. 1993); 18 U.S.C. Sec. 3742(e).
 
 
 8
 The sentencing court rejected Wright's claim that he only "requested" that Scott not testify and that he neither threatened her nor told her not to testify. Based on the testimony of Scott, Bass, (Keith)/Gibson, and Wright, the sentencing court made a credibility determination and found by a preponderance of the evidence that Wright did attempt to influence several witnesses in an attempt to obstruct justice. Upon review, we find no clear error in the decision to impose the obstruction of justice enhancement.
 
 B.
 
 9
 We also affirm the denial of a two-level reduction for accepting responsibility. We review the sentencing court's determination for clear error. United States v. Crousore, 1 F.3d 382, 386 (6th Cir. 1993). The sentencing court's factual determination is entitled to great deference because its assessment of a defendant's contrition depends heavily on credibility assessments. Id. Thus, the finding will not be disturbed unless it is without foundation. United States v. Chalkias, 971 F.2d 1206, 1216 (6th Cir.), cert. denied, 113 S. Ct. 351 (1992).
 
 
 10
 Here, the sentencing judge twice opined, at the original sentencing and at resentencing, that an acceptance of responsibility reduction was not warranted. Wright chose to go to trial and was convicted. The sentencing court reached its conclusion after hearing all the testimony at trial, the findings of the probation office, and Wright's statements at the original sentencing. After reviewing the record, we cannot say that the sentencing judge's determination was without any foundation and thus clearly erroneous.
 
 C.
 
 11
 We also find that the sentencing court properly imposed a four-point increase pursuant to U.S.S.G. Sec. 3B1.1. We review this decision for clear error. United States v. Bashara, 27 F.3d 1174, 1182 (6th Cir. 1994), cert. denied, 115 S. Ct. 909 (1995). The sentencing court found there were five or more participants involved in Wright's scheme and that Wright was the leader. Wright contends that the sentencing court only could count the participants who testified at trial and not those who did not testify.[4] Upon review of the record, we find that there is sufficient evidence to support the sentencing court's findings, and that the court properly included testifying and nontestifying participants for purposes of Sec. 3B1.1. Therefore, we conclude that the sentencing court did not clearly err in applying the four-level enhancement under Sec. 3B1.1.
 
 III.
 
 12
 For the aforementioned reasons, we AFFIRM the sentence.
 
 
 
 *
 The Honorable James P. Churchill, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 The latter two objections were raised and rejected at the original sentencing. Wright did not, however, object to the obstruction of justice enhancement
 
 
 [2]
 As the commentary to the Guideline instructs, the enhancement applies to threatening, intimidating, or otherwise unlawfully attempting to influence a witness, either directly or indirectly. See U.S.S.G. Sec. 3C1.1, comment. 1(d) (1987)
 
 
 [3]
 Additionally, Wright also attempted to influence several witnesses, Carol Bass, Tina (Keith) Gibson, and Kevin Payne during the IRS investigation
 
 
 [4]
 Wright did not object to the information set forth in the PSI, the IRS investigation report, nor the evidence produced at trial which established that Wright recruited seven individuals to participate in his scheme. Moreover, Wright himself, as "a person who is criminally responsible for the commission of the offense," is a participant. U.S.S.G. Sec. 3B1.1, comment. 1 (1987); Bashara, 27 F.3d at 1184